IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TRACIE HARDY,**

       **Plaintiff,**

v.                                                               **Case 2:20-cv-02060-TLP-cgc**

**SEDGWICK CLAIMS MANAGEMENT and
HERSHEY COMPANY,**

       **Defendants.**

---

### ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

---

On January 24, 2020, plaintiff Tracie Hardy filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (D.E. # 1 & 2.) The motion to proceed *in forma pauperis* was granted on March 3, 2020. (D.E. # 7) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

The complaint was filed using the form for alleging "violation of civil rights under 42 U.S.C. § 1983." Plaintiff's "Statement of Claim" states that she was

> "diagnosed with COPD due to contaminants @ the Hershey Company. Pulmonologist required I be removed from dept due to toxins, dust and chemicals. The H.R. dept failed to comply with the request causing my condition to become more severe. Due to the toxins and contaminants as noted by the company nursr

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

my life span has been shortened due to negligence in this premise liability claim."[2]

Plaintiff seeks compensation for "reckless intent, malice and emotional damage" and punitive damages in an unspecified amount and for her 401k in the amount of $3,800 plus interest..

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by

---

[2] Plaintiff's claim appears to arise from the same fact pattern as in *Hardy v. Hershey Company*, 18-2210-MSN-cgc. Defendant's Motion for Summary Judgment was granted and the case was terminated on September 26, 2019. (D.E. # 38)

2

factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.
>
> Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming

*sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

It is RECOMMENDED that the instant complaint fails for many reasons. Federal district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States or civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1331 and 1332.

If Plaintiff seeks to state a claim under 42 U.S.C. § 1983,[3] she must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). In the instant case, Plaintiff has not stated in the Complaint in what manner Defendants acted under color of state law and what actions Defendants took to deprive Plaintiff of rights secured by the "Constitution and laws" of the United States.

---

[3] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

If Plaintiff is pursuing claims of premises liability, "reckless intent, malice and emotional damage", they would be claims under the law of the State of Tennessee. In order for the court to have jurisdiction over claims of this nature, Plaintiff would have to demonstrate that the matter in controversy exceeds the sum or value of $75,000 and the matter is between citizens of different states. The complaint does not allege the citizenship of Sedgwick Claims Management or Hershey Company. Plaintiff has not asserted or demonstrated that diversity jurisdiction exists[4].

Therefore, it is RECOMMENDED that, to the extent that Plaintiff alleges a claim pursuant to 42 U.S.C. § 1983 that it be denied with prejudice for failure to state a claim. To the extent that Plaintiff alleges claims of premises liability, "reckless intent, malice and emotional damage", it is RECOMMENDED that these claims be dismissed without prejudice for lack of subject matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

---

proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[4] Plaintiff also does not state when these events arose. The tort claims may also fail for being filed outside the applicable statute of limitations.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 18th day of May, 2020.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**