IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TRACIE HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02060-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| SEDGWICK CLAIMS MANAGEMENT ) | |
| and HERSHEY COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, Tracie Hardy, sued Defendants pro se alleging violations of her civil rights under 42 U.S.C. § 1983.  (*See* ECF No. 1.)  Plaintiff's statement of her claim provides, in full:

> diagnosed with COPD due to contaminants @ the Hershey Company.
> Pulmonologist required I be removed from dept due to toxins, dust and chemicals.
> The H.R. Dept failed to comply with the request causing my condition to become
> more severe.  Due to the toxins and contaminants as noted by the company
> nurs(e) my life span has been shortened due to negligence in this premise liability
> claim.

(*Id.* at PageID 2.)  Plaintiff therefore seeks compensation for "reckless intent, malice, and emotional damage," an unspecified amount of punitive damages, and damages for her 401k in the amount of $3,800 plus interest.  (*Id.* at PageID 3.)

The Magistrate Court entered a Report and Recommendation ("R&R") under Administrative Order 2013-05, recommending that the Court dismiss this action sua sponte

under 28 U.S.C. § 1915(e)(2).  (ECF No. 8.)  Plaintiff has not objected to the R&R, and the time to do so has now passed.[1]

## IN FORMA PAUPERIS CASE SCREENING

The Court has to screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant.  If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ."  See 28 U.S.C. § 1915(e)(2).  As mentioned above, the Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B).  The R&R recommends dismissal of the Complaint for failure to state a viable claim for relief.  (ECF No. 8 at PageID 33.)

Specifically, the Magistrate Court recommended that Plaintiff cannot state a claim under § 1983 because she fails to allege how Defendants, private companies, acted under color of state law or what actions they took to deprive Plaintiff of rights secured by the "Constitution and laws" of the United States.  (*Id.* at PageID 35.)  The Magistrate Court further recommended that, because Plaintiff seeks to bring a premises liability claim under Tennessee law, Plaintiff has failed to assert or demonstrate that diversity jurisdiction exists.  (*Id.* at PageID 36.)  Finally, the Magistrate Court notes that any appeal taken by Plaintiff would not be taken in good faith and recommends the Court deny leave to appeal in forma pauperis.  (*Id.* at PageID 37.)

## ADOPTING THE R&R

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Neither party objected

---

[1] Objections to the R&R were due 14 days after entry of the R&R—June 1, 2020.

2

to the R&R, and the time for filing objections has expired.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.  The Court further finds that any appeal in this matter would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.

**SO ORDERED**, this 13th day of July, 2020.

                                     s/Thomas L. Parker
                                     THOMAS L. PARKER
                                     UNITED STATES DISTRICT JUDGE